NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2768
_____

LABIB RIACHI,

Appellant

v.

THE PROMETHEUS GROUP; JANE DOES 1-4; JOHN DOES 1-4;
FIRST CHOICE FOR CONTINENCE, INC.

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-00811)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 26, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, Circuit Judges

(Opinion filed: July 9, 2020)

_____

OPINION[*]

_____

AMBRO, <u>Circuit Judge</u>

Appellant Labib Riachi sued two companies that provided his medical practice with equipment and training, Appellees The Prometheus Group ("Prometheus") and First Choice for Continence, Inc. ("First Choice"), alleging they improperly trained him and his staff. He asserted claims for, among other things, breach of contract, fraud, negligence, and unjust enrichment. The District Court dismissed under Federal Rule of Civil Procedure 12(b)(6) all claims except the breach-of-contract claim against Prometheus. Then, following discovery, the Court granted Prometheus summary judgment on that claim. Riachi appeals both the dismissal and the summary judgment. We affirm.

## I.  Factual and Procedural Background

Riachi, a urogynecologist, operated a medical practice "focus[ing] primarily on treating women who suffer from . . . pelvic floor disorders, such as stress urinary or fecal incontinence." App. 212. In 2005, he began purchasing from Prometheus therapy equipment for use in his practice. At the same time, Prometheus agreed that a third party, First Choice, would train Riachi and his staff how to treat patients with the equipment as well as how to bill Medicare for this treatment. Riachi purchased additional equipment

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

from Prometheus in 2006, 2008, and 2009. Following each of these purchases, First Choice made its training available to Riachi for a six-month period.

Riachi discovered in 2010 that he was under investigation for making false Medicare claims. The investigation culminated in 2016, when the federal Government brought an action against Riachi under the False Claims Act, 31 U.S.C. §§ 3729–33. The Government alleged, among other things, that Riachi had billed Medicare for treatment that his unqualified staff—not he—had performed. Riachi settled the suit, agreeing to repay the Government $5.25 million.

In February 2017, Riachi brought this suit against Prometheus, alleging that it had wrongly advised him that he need not "personally perform or directly supervise" his practice's performance of therapeutic services using the equipment he had purchased. App. 15 ¶ 19. He asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of New Jersey's Consumer Fraud Act, common-law fraud, negligent misrepresentation, negligence, and unjust enrichment. Prometheus moved to dismiss for failure to state a claim, and the District Court granted that motion as to every claim except the breach-of-contract one.

During discovery on this remaining claim, Riachi amended his complaint to add First Choice as a defendant, asserting claims against it for common-law fraud, negligent misrepresentation, and negligence. The crux of the claims against First Choice was the same as those he had asserted against Prometheus—that it improperly trained him and his staff. First Choice moved to dismiss these claims and the District Court granted the motion.

Thereafter, the parties completed discovery and Prometheus moved for summary judgment on Riachi's remaining breach-of-contract claim. The Court granted the motion, concluding that the claim was barred by the statute of limitations. Riachi appeals the dismissal of his claims against Prometheus and First Choice, as well as the summary judgment in favor of Prometheus on the remaining claim.[1]

## II. Dismissal of Claims Under Rule 12(b)(6)

We begin with the District Court's dismissal of claims under Federal Rule of Civil Procedure 12(b)(6), which we review *de novo*. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). Dismissal under Rule 12(b)(6) is appropriate where, accepting all the complaint's well-pleaded factual allegations as true, the court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As noted, the District Court dismissed Riachi's claims for: (A) breach of the implied covenant of good faith and fair dealing; (B) fraud and misrepresentation (including common-law fraud, fraud under the New Jersey Consumer Fraud Act, and negligent misrepresentation); (C) negligence; and (D) unjust enrichment. We address each of these in turn.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

## A.    Breach of the Implied Covenant of Good Faith and Fair Dealing

The District Court concluded that Riachi's claim against Prometheus for breach of the implied covenant of good faith and fair dealing fails for lack of allegations that Prometheus "acted with bad faith or motive." *Riachi v. Prometheus Grp.*, No. 17-cv-811, 2017 WL 2438838, at *2 (D.N.J. June 6, 2017).  We agree.  To make out a claim for breach of the covenant, "[a] plaintiff must . . . prove the defendant's bad motive or intention." *Iliadis v. Wal-Mart Stores, Inc.*, 922 A.2d 710, 722 (N.J. 2007) (quoting *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387, 396 (N.J. 2005)).  Riachi does not argue that he sufficiently alleged bad faith or motive, but rather argues that he need not do so, citing *Sons of Thunder, Inc. v. Borden, Inc.*, 690 A.2d 575, 585 (N.J. 1997).  But *Sons of Thunder*, decided a decade before *Iladis*, is not to the contrary.  Rather, it holds that "although a party's motive in terminating a contract is irrelevant *as it relates to the alleged violation of [the contract's] express termination clause*," motive *is* relevant as to a party's breach of the "implied obligation of good faith and fair dealing in its performance of the contract." *Sons of Thunder, Inc.*, 690 A.2d at 586 (emphasis added).  Accordingly, the District Court correctly dismissed this claim.

## B.    Fraud and Misrepresentation

The District Court concluded that Riachi's claims against both Prometheus and First Choice for common-law fraud, fraud in violation of the New Jersey Consumer Fraud Act, and negligent misrepresentation fail for lack of allegations meeting the heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b).  It provides that a plaintiff must allege "*with particularity* the circumstances

5

constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). A plaintiff must also "identify the speaker of allegedly fraudulent statements." *Klein v. Gen. Nutrition Cos.*, 186 F.3d 338, 345 (3d Cir. 1999).

Riachi's Amended Complaint does not meet this standard. It sets out the content of the allegedly false representations: "that [Riachi] did not have to personally perform or directly supervise [physical therapy] services while he was out of his office." App. 220 ¶ 42. But Riachi only vaguely alleges who made these representations and when they were made. He claims that the "false and fraudulent advice was given to [him] and his staff at each training session from 2005 to 2012," and that between these training sessions "First Choice also provided telephone training and advice on an as needed basis." App. 218 ¶ 36. Riachi adds that "[t]he individuals . . . who made the false representations were Debra Folkerts, Karen Finstrom McPhee, Carl Newman[,] and Jeanine Reed." App. 219 ¶ 37. But Riachi does not identify which of these four individuals made which of these representations during which training sessions over the seven-year period from 2005 to 2012.

Rule 9(b) is not satisfied where a plaintiff, as Riachi has done here, merely lumps the who, what, when, and where together. *See, e.g.*, *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'") (citation omitted); *Sears v.*

6

*Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (holding that Rule 9(b) was not satisfied where "the complaint lump[ed] all the defendants together and d[id] not specify who was involved in what activity"). Accordingly, the District Court properly dismissed Riachi's fraud claims.

### C.    Negligence

The District Court held that Riachi's negligence claims against Prometheus and First Choice are barred by the economic loss doctrine.[2] This doctrine "defines the boundary between the overlapping theories of tort law and contract law by barring the recovery of purely economic loss in tort." *Dean v. Barrett Homes, Inc.*, 968 A.2d 192, 202 (N.J. Super. Ct. App. Div. 2009) (quoting R. Joseph Barton, Note, *Drowning in a Sea of Contract: Application of the Economic Loss Rule to Fraud and Negligent Misrepresentation Claims*, 41 Wm. & Mary L. Rev. 1789, 1789 (2000)), *rev'd on other grounds*, 8 A.3d 766 (N.J. 2010). Thus, under the doctrine, a plaintiff may not assert a negligence claim for a purely economic loss he suffered as a result of the defendant's deficient performance of its contractual duties. *See Spring Motors Distribs. v. Ford Motor Co.*, 489 A.2d 660, 672–74 (N.J. 1985).

We agree with the District Court that this doctrine bars Riachi's negligence claims. He alleges economic harm—the repayment he was required to make under his settlement with the Government—resulting from the allegedly deficient training his

---

[2] The Court also concluded that the negligence claim against First Choice fails for lack of a duty owed. We need not reach the issue because we affirm the dismissal of this claim under the economic loss doctrine.

7

practice received pursuant to the contract with Prometheus. Accordingly, the District Court properly dismissed Riachi's negligence claims.

## D. Unjust Enrichment

The District Court also concluded that the existence of a contract between Riachi and Prometheus barred Riachi's unjust enrichment claim. We agree. A plaintiff may not maintain an action for unjust enrichment based on deficient performance of a contract, the validity of which is undisputed. *See Winslow v. Corporate Express, Inc.*, 834 A.2d 1037, 1046 (N.J. Super Ct. App. Div. 2003) (holding that "there [was] no basis . . . for [the] plaintiff to pursue a quasi-contractual claim for unjust enrichment" where he had a contract with the defendant). Because Prometheus did not dispute the existence of a valid contract, the District Court properly dismissed Riachi's unjust enrichment claim.

## III. Summary Judgment

We next consider the District Court's grant of summary judgment for Prometheus on Riachi's breach-of-contract claim. Our review of the Court's summary judgment is also *de novo*. *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 416 (3d Cir. 2008). "Summary judgment is appropriate if there is no genuine issue as to any material fact and the party making the motion is entitled to judgment as a matter of law." *Id.* (citation and internal quotation marks omitted).

The District Court concluded that Riachi's breach-of-contract claim is governed by Article 2 of the Uniform Commercial Code ("Article 2") and is thus barred by Article 2's four-year statute of limitations, *see* N.J. Stat. Ann. § 12A:2-725(1). Riachi argues that Article 2 does not apply, and that his breach-of-contract claim is thus timely under

8

New Jersey's six-year statute of limitations for breach-of-contract claims, *see* N.J. Stat. Ann. § 2A:14-1.

Article 2 applies to contracts for the sale of "goods," N.J. Stat. Ann. § 12A:2-102, not to contracts for services.[3] But "[w]hen a contract is for [both] goods and services, a court must determine which aspect of the contract, the goods or the services, predominates." *Paramount Aviation Corp. v. Agusta*, 288 F.3d 67, 72 (3d Cir. 2002) (citing *Integrity Material Handling Sys., Inc. v. Deluxe Corp.*, 722 A.2d 552, 555 (N.J. 1999)). "To make this determination, courts look to the language and circumstances surrounding the contract, the relationship between the goods and services, the compensation structure[,] and the intrinsic worth of the goods provided." *Integrity Material Handling Sys.*, 722 A.2d at 555. And "[a]lthough this determination is a factual issue," *id.*, summary judgment is appropriate where the record reveals no genuine dispute, *see Paramount Aviation Corp.*, 288 F.3d at 72 (denying summary judgment on the issue of predominance where the record revealed "at least a material dispute of fact").

Here the District Court correctly granted summary judgment for Prometheus, as the record permits only one reasonable conclusion—that, in the contract between Riachi and Prometheus, the sale of goods (medical equipment) predominated over the provision of services (training in the use of that equipment). As the District Court explained, the undisputed record demonstrates that: (1) "for each [equipment] purchase of $11,000.00,

---

[3] Riachi argues that Article 2 applies only to the sale of goods *between merchants*. But he cites no authority supporting that proposition, and New Jersey courts routinely apply Article 2 to purchases by consumers. *See, e.g.*, *Docteroff v. Barra Corp. of Am., Inc.*, 659 A.2d 948, 949, 952 (N.J. Super. Ct. App. Div. 1995) (applying Article 2 to homeowners' purchase of roofing materials).

[Riachi] purchased only $3,500.00 in . . . training services"; and (2) the training was "provided by a third party," First Choice, not by the party with whom Riachi contracted, Prometheus. App. 5.

Riachi does not dispute these facts establishing that the sale of equipment was the predominant purpose of the contract. Instead, he points to his own declaration attesting that, because the equipment was "completely new in the field," the training services were "the most important component of the contract." App. 973 ¶ 2. But one party's subjective view of the importance of services provided—made after the formation of the contract and in the course of litigation—cannot alone create a genuine issue of fact as to whether goods or services were the predominant purpose of the contract. *Cf. Gulf Oil Corp. v. Comm'r of Internal Rev.*, 914 F.2d 396, 407 (3d Cir. 1990) ("The subjective meaning attached by either party to a form of words is not controlling on the scope of the agreement between the parties . . . .") (citation omitted). Here the objective manifestations of the parties' intent—specifically, the relative value placed on the goods and services, and the use of a third party to provide the services—indicate that the contract was predominantly one for goods. Thus the District Court properly concluded as a matter of law that UCC Article 2 and its four-year statute of limitations apply.

Riachi also argues that, even if the four-year bar applies, his claim is timely because it did not accrue until he discovered that he had suffered damages—in 2016, when he was forced to settle with the Government. But Article 2 provides that a claim accrues when the "breach occurs, regardless of the [plaintiff]'s lack of knowledge of the breach." N.J. Stat. Ann. § 12A2-725(2). Thus, the District Court properly concluded that

10

Riachi's claim accrued, at the latest, in 2010—when First Choice was last obligated to provide training. And Riachi did not file this suit until 2017, well outside that four-year period.[4]

\*  \*  \*  \*  \*

For the reasons set out above, we affirm the District Court's judgment.

---

[4] As the District Court noted, Riachi filed a previous suit against Prometheus in 2016, but it too is outside the four-year period.